**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30387
Summary Calendar

EVELYN JACKSON, ET AL.,

Plaintiffs-Appellants,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(94 CV 1540)

September 22, 1995

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[*]:

PROCEEDINGS BELOW

Evelyn Jackson, and her two sons Adam and Arthur, ("Plaintiffs") filed a *pro se* civil rights complaint in the Western District of Louisiana against the United States alleging violations of 42 U.S.C. § 1983. In their complaint, the Plaintiffs alleged

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

that the Government of the United States had been "negligent in its duty to protect the constitutional rights of seven generations of American Citizens" because the United States had failed to prevent or to correct civil rights violations committed by white law enforcement officials against black people in Alabama.

The Government filed a motion to dismiss for failure to state a claim upon which relief can be granted. In the motion, the Government argued that the complaint failed to provide a concise factual description of the claim and failed to establish any basis for bringing a § 1983 claim against the United States. In response to the motion to dismiss, the Plaintiffs filed an "Amended Complaint and Motion to Request Denial of Dismissal by Defendant." However, this document did not contain any additional factual allegations.

The magistrate judge, to whom the case was assigned for review, recommended granting the Government's motion to dismiss because the complaint and the amended complaint failed to assert any cognizable claim against the United States. Following a *de novo* review of the record, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

The Plaintiffs argue that the district court prematurely dismissed their complaint. This court reviews *de novo* a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th

2

Cir. 1993).  A Rule 12(b)(6) dismissal is appropriate when, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff, the plaintiff can prove no set of facts that would entitle him to relief.  *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).  The plaintiff must plead specific facts, not mere conclusory allegations.  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  This court will not accept as true conclusory allegations or unwarranted deductions of fact.  *Id.*

In their complaint, the Plaintiffs made conclusory allegations that the United States had failed to protect the civil rights of the black Americans in Alabama.  Although they provide one example of potentially improper conduct by law enforcement officials, they provided no factual details to establish how the United States was responsible for the incident.  The Plaintiffs filed an amended complaint and objections to the magistrate judge's report, but failed to cure the deficiencies in their complaint.

A liberal reading of the Plaintiffs' complaint indicates that Plaintiff Evelyn Jackson alleged a possible Fourth Amendment violation by law enforcement officials.  This court neither makes nor intimates any decision concerning the merit of this allegation, but we note that in an action instituted under 42 U.S.C. § 1983 the proper defendants would be the law enforcement officials or other state actors rather than the United States Government.[1]

---

[1] *See Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev.*, 980 F.2d 1043, 1050 (5th. Cir. 1993) (to obtain relief under § 1983 a plaintiff must prove he was deprived

Although the district court should permit a *pro se* plaintiff to amend a complaint if it appears that there is a potential ground for relief,[2] the district court need not permit futile amendments. *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413-14 (5th Cir. 1989). Because the Plaintiffs failed to provide the district court with any factual allegations to support a claim against the United States, the district court properly dismissed the complaint under Rule 12(b)(6).

CONCLUSION

For the reasons given above, the district court's dismissal of the Plaintiffs' complaint is

AFFIRMED.

---

of a right under the Constitution or laws of the United States and that the person depriving him of that right acted under color of state law), *cert. denied*, 114 S. Ct. 75, 126 L. Ed. 2d 43 (1993).

[2] *See Gallegos v. La. Code of Criminal Procedures Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988) (*pro se* plaintiff who has named the wrong defendant should be permitted to amend his pleadings when it is clear from his complaint that there is a potential ground for relief).